T.C. Memo. 2012-247

UNITED STATES TAX COURT

KEVIN P. LARIEVY AND AMBER Y. LARIEVY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10939-11.                    Filed August 28, 2012.

Kevin  P. Larievy and Amber Y. Larievy, pro sese.

<u>Jonathan N. Kalinski</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a $5,301 deficiency in

petitioners' 2008 Federal income tax and a $1,060.20 accuracy-related penalty

**[\*2]** under section 6662(a).[1]  The income tax deficiency and resulting penalty are solely attributable to respondent's proposed disallowance of $17,800 of alimony deducted by petitioners.  We consider here whether petitioners are entitled to deduct alimony payments and, if not, whether they are liable for the accuracy-related penalty.

FINDINGS OF FACT[2]

At the time the petition was filed, petitioners resided in California.  They were married during December 2008 and filed a joint Federal income tax return for their 2008 taxable year.  On that return petitioners deducted alimony of $19,200 paid to Mr. Larievy's former spouse.

Mr. Larievy and his former spouse separated by mutual agreement during 2004.  No lawyers or other professionals were involved in the separation.  Mr. Larievy and his former spouse reached an oral agreement under which Mr. Larievy

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference.

**[\*3]** agreed to pay $2,605[3] per month for living expenses of his former spouse and their child.  The agreement did not divide this monthly amount into separate amounts for spousal support and child support.

Mr. Larievy and his former spouse remained separated until May 2008 when they filed for divorce in the Superior Court of California.  They did not seek the assistance of a lawyer or other professional to assist them in that filing.  On December 1, 2008, a judgment for dissolution of marriage was entered by the court.  That judgment provided for $1,400 of monthly alimony for Mr. Larievy's former spouse, commencing December 1, 2008, and continuing until death of either party.  Any alimony payments beginning on or after June 1, 2009, would be reduced to $1,100 through June 1, 2013.  Mr. Larievy remitted $2,605 by check for each month of 2008 except for the December check, which was for $2,600.

Papers filed in the divorce proceeding included a document signed by Mr. Larievy and his former spouse on September 2, 2008, stating as follows:

> During March of 2004, I Kevin Larievy agreed to pay Renee Larievy the amount of $2,605.00 as support (for spouse and children) for four years.  This would give time for adjustment, job search and or Employment training.  At the time of our daughter[']s * * * 18th Birthday (May 23, 2008) this amount of $2,605.00 per month would end.  A new and lesser amount would then be agreed upon.  Up to and

[3]For December 2008 the monthly payment was $2,600, and all other payments were $2,605.

**[*4]** including this month of September, 2008 the amount of $2,605.00
has continued until * * * [the divorce proceeding is settled].

This document was a historical narrative of the parties four-year separation and agreement to make monthly payments. It did not indicate what part of the $2,605 payment was for child support and what part was for alimony.

Although the parties to the divorce proceeding had an understanding of the division of each of the $2,600 monthly payments into alimony to the former spouse and child support, that understanding was not committed to a writing until December 1, 2008, when it was incorporated in the final decree or judgment. The filings in the divorce proceeding implied that the parties had reached an understanding as to amounts for alimony and child support and, to some extent, alluded to the reasoning supporting the final amounts.

Petitioners' 2008 return was prepared by a professional, experienced tax return preparer. Petitioners were not knowledgeable about taxes and were aware of the complexity that may occur with respect to claiming deductions from income for alimony payments. Petitioner wife worked for a company that used an accountant adviser who prepared all of its income and payroll tax returns. Petitioner wife was familiar with the accountant's work, experience, and professional reputation. Petitioners engaged the accountant to prepare their 2008

**[*5]** return and advised the accountant of all of the facts surrounding the payments to Mr. Larievy's former spouse and supplied the accountant with copies of the judgments, decrees, and other documents in the superior court divorce proceeding. On the basis of that information, the accountant advised petitioners to claim the payments to the former spouse as alimony on their 2008 return. Petitioners relied on the accountant's advice.

Respondent allowed a deduction for $1,400 of the December 2008 payment and disallowed the remaining $17,800 petitioners claimed.

OPINION

Section 215(a) provides for a deduction from gross income for alimony or separate maintenance payments, as defined in section 71(b). See also sec. 215(b). Generally, in order to qualify, the payments should meet four conditions, as follows: (1) the payments are received by (or on behalf of) a spouse under a divorce or separation instrument; (2) the instrument does not designate the payment as a payment which is not includible in the payee's gross income; (3) the payor and payee are not members of the same household; and (4) the payment obligation ends upon the death of the payee. Sec. 71(b)

Even though there may be an agreement between the parties, the agreement must be reduced to writing before payments can be deductible. See sec. 71(b)(2);

[*6] sec. 1.71-1(c), Income Tax Regs.; see also Mercurio v. Commissioner, T.C. Memo. 1995-312. "Congress was interested in requiring a clear statement of the separation agreement so it could be determined with certainty the amount of payments to be included in the wife's income and the allowable corresponding deduction available to the husband." Garner v. Commissioner, T.C. Memo. 1973-79.

During 2004 Mr. Larievy and his former spouse agreed to separate and agreed to the payment of $2,605 per month. At that time no distinction was made concerning the amount of the payment attributable to child support and the amount for alimony and separate maintenance. As indicated above, only alimony or separate maintenance paid to a spouse or former spouse would be deductible from gross income. Mr. Larievy and his former spouse operated under that oral agreement, and the monthly payments were made. Accordingly, no amount could have been deductible until 2008 when the parties commenced a divorce proceeding and committed their understanding to writing.

Respondent allowed a deduction for $1,400 of the December 2008 payment, which was decreed by the superior court to be alimony, but disallowed the remaining payments during 2008 that were made before the final decree. The question we consider is whether any other payments during 2008 are deductible.

**[*7]** Mr. Larievy made a $2,605 payment for each of the first 11 months of 2008. Clearly, the payments made before the parties filed for divorce, which were included in a written memorialization of their oral understanding, did not meet the statutory requirements and therefore are not deductible. Until the final decree of divorce was entered on December 1, 2008, no written document contained a specific amount designated as alimony. The divorce proceeding commenced during May 2008, but a written document reflecting the specific amounts designated as alimony and child support was not filed with the superior court until December 1, 2008.

The parties were seeking a consent or uncontested divorce where the court merely sanctioned and finalized their existing and operational agreement. Although the superior court perfunctorily approved the parties' understanding six months later, no qualifying written divorce or separation agreement instrument existed until December 1, 2008. Under those circumstances, petitioners are not entitled to alimony deductions in addition to the one respondent allowed for the month of December. Although this result seems unjust where the parties had reached an understanding of the amounts approved by a court, Congress has required a written document and the superior court's decree did not approve a preexisting written document.

**[\*8]** Finally, we consider whether petitioners are liable for an accuracy-related penalty under section 6662(a). The penalty is applicable where there is an underpayment of tax that is due to negligence and disregard of rules or regulations or a substantial understatement of income tax. Sec. 6662(b)(1) and (2); see Neely v. Commissioner, 85 T.C. 934, 947 (1985). Section 6664(c)(1) provides that the penalty will not apply to any portion of an underpayment if it is shown that there was reasonable cause for a taxpayer's position and that the taxpayer acted in good faith. Reliance on the advice of a tax professional may be sufficient to establish reasonable cause and good faith for the purpose of avoiding the penalty. United States v. Boyle, 469 U.S. 241, 250 (1985).

In order for the reliance to effectively avoid the penalty, the taxpayer must prove by a preponderance of the evidence that: (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The record reflects that petitioners selected a competent adviser, provided him with the full facts, and relied on him in good faith. Accordingly, petitioners are not liable for the section 6662(a) accuracy-related penalty for 2008.

**[\*9]**   To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.